UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERYL P. MOODY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1490 |
| | § | |
| CHEVRON PHILLIPS CHEMICAL COMPANY LP, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Chevron Phillips Chemical Company LP's ("Chevron") motion to dismiss. Dkt. 10. After considering the motion, record, and applicable law, the court is of the opinion that Chevron's motion to dismiss should be GRANTED.

### I. BACKGROUND

This is an employment discrimination dispute. Cheryl P. Moody was employed by Chevron and claims that in the approximately forty years of her employment she never received the respect she deserved and was not appreciated. Dkt. 1-5 at 4; Dkt. 10-1 at 4. Moody further alleges that during the course of her employment, she was subject to discrimination and a hostile work environment. Dkt. 1-5 at 4. She claims that on February 25, 2016, she was "pressured into retiring." Dkt. 10-1 at 4. On December 19, 2016, she dual-filed complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"), in which she contended that she was the subject of discrimination on the basis of age, sex, and race between November 2015 and February 2016. *Id.* On January 13, 2017, she received a notice of her right to sue from the EEOC. Dkt. 10-2 at 2.

Thereafter, on April 13, 2017, she filed this claim in the 61st Judicial District Court of Harris County, Texas. Dkt. 1-5; Dkt. 1 at 1. She asserts the following causes of action: (1) retaliation in violation of her First and Fourteenth Amendment rights, actionable under 42 U.S.C. Section 1983; (2) discrimination on the basis of "age, race, national origin, color and ethnicity" in violation of Title VII and Texas Labor Code Chapter 21; and (3) negligence or negligence per se. Dkt. 1-5 at 6–7. On May 15, 2017, Chevron removed the case to this court. Dkt. 1. On May 19, 2017, Chevron filed this motion to dismiss, arguing, among other things, that Moody's complaint "solely asserts legal conclusions that cannot survive a motion to dismiss." Dkt. 10 at 11. The court agrees.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not typically look beyond the face of the pleadings, and attachments thereto, in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible enough

to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

### III. ANALYSIS

Moody raises essentially three causes of action against Chevron: (1) retaliation in violation of her First and Fourteenth Amendment rights, actionable under 42 U.S.C. Section 1983; (2) discrimination on the basis of "age, race, national origin, color and ethnicity" in violation of Title VII and Texas Labor Code Chapter 21; and (3) negligence or negligence per se. Dkt. 1-5 at 6–7. The court will discuss each of these in turn.

**A.     Retaliation Under Section 1983**

Moody claims that "each of the . . . acts and or omissions" alleged in her complaint "constitutes Retaliation against the Plaintiff and Violations of her First and Fourteenth Amendment Rights made actionable by 42 U.S.C. Section 1983." Dkt. 1-5 at 6.

Section 1983 states that "[e]very person who, under color of any [law] . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (2012). Therefore, in order for Moody to successfully raise a claim under Section 1983, she "must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S. Ct. 977 (1999). The consequence of Section 1983's requirement that the alleged violator be acting "under color of state law" is that a plaintiff cannot have a cause of action against a private actor unless it can be shown that the action "may be fairly treated as that of the State itself." *Id.* at 50; *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449 (1974).

In her complaint, Moody alleges that Chevron is a Texas corporation. Dkt. 1-5 at 3. She does not claim that Chevron is a state actor, or acting under the color of federal or state law, or taking actions which can be considered "as that of the State itself." Dkt. 1-5; *Jackson*, 419 U.S. at 351. Moody failed to claim any factual allegations whatsoever that could satisfy the Section 1983 requirement that the action complained of was taken "under color of state law." Without any details "showing that the pleader is entitled to relief" under Section 1983, the claim cannot survive a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(b)(6). Therefore, Moody's claims of retaliation under Section 1983 are DISMISSED.

**B.     Discrimination and Retaliation under Title VII and TCHRA**

Moody also claims that Chevron's "acts subjecting [Moody] to unlawful discrimination and retaliation based on her age, race, national origin, color and ethnicity amounted to violations of [T]itle VII of the 1964 Civil [R]ights [A]ct as well as violations of [C]hapter 21 of the Texas Labor Code," otherwise known as the Texas Commission on Human Rights Act ("TCHRA"). Dkt. 1-5 at 7. "Because one of the purposes of the TCHRA is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964,' [courts] have consistently held that those analogous federal statutes and the cases interpreting them guide [the courts'] reading of the TCHRA." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012) (quoting Tex. Lab. Code § 21.001(1)); *see Heisohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234–35 (5th Cir. 2016) (adopting the Texas Supreme Court's use of Title VII and its relevant caselaw as interpretive guides when resolving TCHRA issues); *see, e.g.*, *Jurach v. Safety Vision, LLC*, 642 F. App'x 313, 318 (5th Cir. 2016) ("Texas state courts apply analogous federal statutes and cases when interpreting TCHRA"). As such, although Title VII does not provide for claims of age discrimination while the TCHRA

4

does, the court will evaluate together whether discrimination or retaliation in violation of Title VII or the TCHRA has been sufficiently pled.

  *a.*  *Discrimination*

  Title VII provides that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2 (2012). The TCHRA provides substantially the same explanation of discriminatory employer actions, but also adds age as a motivating factor that will render an employer's practice unlawful. Tex. Lab. Code Ann. § 21.051 (West 2012).

  To survive a motion to dismiss her Title VII and TCHRA complaints, Moody "need only allege enough facts to plausibly suggest that her employer discriminated against her *due to* her membership in a protected group." *Roberts v. Lubrizol Corp.*, No. CV 4:12-3272, 2013 WL 12099843, at *5 (S.D. Tex. June 28, 2013) (Gilmore, J.) (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); *Twombly*, 550 U.S. at 555. Moody alleges that she suffered an adverse employment action, namely her compelled retirement, but "she must also plead some facts to show she suffered that adversity because of her protected status." *Id*. at *6.

  This Moody did not do. While the complaint conclusorily alleges that Moody "was wrongfully subjected to work place bullying, racial and age[] abuse, amongst other discriminatory acts" and that Moody was "the only African American female in her section," it nowhere asserts that the employment action complained of, or any other employment practice by Chevron, was engaged in *because of* her race, age, national origin, ethnicity, or color. Dkt. 1-5 at 4. While the court must accept a plaintiff's factual allegations as true when considering a defendant's Rule 12(b)(6) motion

to dismiss, the court cannot supply factual allegations for the plaintiff when the plaintiff's prove insufficient. Since Moody has not alleged any facts which would show that Chevron took any illegal employment actions or engaged in any illegal employment practices, her Title VII and TCHRA discrimination complaints are DISMISSED.

      *b.*      *Retaliation*

"'Title VII prohibits retaliation against employees who engage in protected conduct,' such as filing a charge of . . . discrimination." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 341 (5th Cir. 2014) (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002)). The analysis for retaliation claims under Title VII and the TCHRA is analogous to that for discrimination claims, and the same substantive law governs them both. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014). To successfully allege a claim of retaliation under either statute for the purposes of surviving a Rule 12(b)(6) motion, Moody "must allege that her employer took an adverse employment action against her in retaliation for engaging in protected conduct." *Stone*, 590 F. App'x at 341. Moody has not alleged any facts showing that she engaged in any "protected conduct." Moreover, she did not file her complaints with the EEOC or TWC until after her allegedly compelled retirement, and therefore her retirement cannot be considered retaliation for complaints that had not yet been made. Absent any factual allegations that Moody engaged in some kind of protected conduct for the purposes of Title VII and the TCHRA, Moody's retaliation claims cannot survive a Rule 12(b)(6) motion. Therefore, her retaliation claims are DISMISSED.

**C.**    **Hostile Work Environment**

Chevron argues in its motion to dismiss that the factual allegations made in Moody's complaint are insufficient to support a claim of a hostile work environment. Dkt. 10 at 18.

However, Moody did not include hostile work environment as one of her causes of action. Dkt. 1-5 at 6–7. She did, however, claim in her statement of the facts that she was "subjected to work place bullying" and that her workplace was "hostile against [sic] her." Dkt. 1-5 at 4.

The Supreme Court has held that a workplace is sufficiently hostile as to violate Title VII when it "is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67, 106 S. Ct. 2399 (1986)) (internal citations omitted); *see Reed v. Neopost USA, Inc.*, 701 F.3d 434, 443 (5th Cir. 2012). However, a single "offensive utterance" will not suffice to support a hostile workplace claim. *Id.*; *see Long v. Eastfield Coll.*, 88 F.3d 300, 309 (5th Cir. 1996). In *Lee v. Regional Nutrition Assistance, Inc.*, the plaintiff complained of "three separate incidents" of derogatory racial remarks. The court held that "the conduct complained of [did] not rise to the level of severity to state a claim based on a hostile work environment." *Lee v. Reg'l Nutrition Assistance, Inc.*, 471 F. App'x 310, 311 (5th Cir. 2012).

In the instant case, Moody claims that a racial epithet was on some occasion used to refer to her. Dkt. 1-5 at 4. However, she does not claim that this was more than a single, isolated occurrence, nor does she allege when it occurred or by whom it was spoken. *Id.* While the use of such derogatory terms is by no means excused by its infrequence of use, a single occurrence of such a term does not suffice to constitute a hostile work environment. Aside from the use of this racial epithet against her, Moody fails to assert any further, nonconclusory, factual basis for her claims of a hostile work environment. Therefore, any hostile work environment claim she may have raised cannot survive Chevron's Rule 12(b)(6) motion and is DISMISSED.

7

**D.      Negligence and Negligence Per Se**

Finally, Moody claims that the "acts and/or omissions" which she alleged in the factual background of her complaint "singularly or in combination with others, constituted negligence or negligence per se that proximately caused the occurrence made the basis of this action and Plaintiffs' [sic] injuries and damages." Dkt. 1-5 at 6.  These claims also fail.

Texas courts have generally recognized that employers "have a duty to use ordinary care in providing a safe work place." *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).  However, the Texas Supreme Court has also found that the comprehensive Labor Code provisions may supplant other general tort remedies aimed at the same conduct. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 807–08 (Tex. 2010).  This is because permitting pursuit of negligence claims for the same conduct for which TCHRA and Title VII are intended to provide a remedy "would eclipse the Legislature's prescribed scheme." *Id.*  Statutory causes of action therefore abrogate common law claims if there is a "clear repugnance" between them, and there is a clear repugnance between the claims if they are "entwined." *Id.*  That is, there is a clear repugnance between claims that arise out of the exact same factual allegations. *Id*; *see, e.g.*, *Denson v. BeavEx Inc.*, No. CIV.A. H-13-1493, 2014 WL 3543718, at *1 (S.D. Tex. July 17, 2014) (Miller, J.), *aff'd*, 612 F. App'x 754 (5th Cir. 2015); *Aguilar v. Asbury Auto. Grp., Inc.*, No. CV H-16-467, 2016 WL 3387176, at *3 (S.D. Tex. June 20, 2016) (Miller, J.).

In this case Moody's Title VII and TCHRA claims preempt her negligence and negligence per se claims.  She has not distinguished between the factual allegations meant to support her Title VII and TCHRA claims and those meant to support her negligence claims.  To allow her to pursue tort claims that arise out of the same factual allegations upon which her statutory claims are based

8

would be to permit circumvention of the administrative and statutory remedies the legislature sought to establish. *See Waffle House*, 313 S.W.3d at 811–12 (explaining that allowing a negligence cause of action for a statutorily-covered claim "would negate the Legislature's carefully balanced and detailed statutory regime"). For these reasons, Moody's negligence and negligence per se claims are DISMISSED.

### IV. CONCLUSION

Chevron's motion to dismiss is GRANTED.[1] All of Moody's claims against Chevron are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on June 30, 2017.

_____
Gray H. Miller
United States District Judge

---

[1] Chevron asserts several other grounds for dismissal of Moody's claims. Dkt. 10. The court need not address these arguments because Moody fails to state a claim under Rule 12(b)(6).